

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN M. TOWNSEND | ) |
| Plaintiff, | ) 3:07-cv-00178-LRH (VPC) |
| v. | ) **REPORT AND RECOMMENDATION** |
| DEBRA BROOKS, ET AL., | ) **OF U.S. MAGISTRATE JUDGE** |
| Defendants. | ) November 27, 2007 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#6). Plaintiff opposed (#8) and defendants did not file a reply. The court has thoroughly reviewed the record and the motions and recommends that defendants' motion to dismiss (#6) be granted.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff John M. Townsend ("plaintiff"), acting *in pro se*, is currently a prisoner at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#4). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations of his First Amendment right to send and receive mail and his Fourteenth Amendment right to due process. *Id.* Plaintiff names as defendants Debra Brooks, ESP Associate Warden; Greg Cox, NDOC Assistant Director; Adam Endel, ESP Associate Warden; Rod Lightsey, ESP Correctional Officer; E.K. McDaniel, ESP Warden; Dwight Neven, former ESP Associate Warden; Michael Oxborrow, ESP Caseworker; Sergeant Prince, ESP Correctional Officer; and John and Jane Does 1 – 21. *Id.*

Plaintiff alleges that defendants have unlawfully seized his incoming mail, without notice, "to perpetuate the denial of plaintiff's civil rights." *Id.* In count I, plaintiff alleges that between

May 1, 2002 and December 31, 2002, defendants withheld at least three pieces of his mail.[1] *Id.* In count II, plaintiff alleges that between January 1, 2003 and December 31, 2003, defendants withheld at least five pieces of his mail.[2] *Id.* In count III, plaintiff alleges that between January 1, 2004 and December 31, 2004, defendants withheld at least one piece of his mail.[3] *Id.* Plaintiff claims that there are many other pieces of mail that are not accounted for which "almost certainly have been seized by the defendants." *Id.* Finally, in count IV, plaintiff alleges that seizing plaintiff's mail in this manner and covering it up has violated plaintiff's right to due process. *Id.*

The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Motion to Dismiss Standard

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Barnett v. Centoni*, 31 F. 3d 813, 816 (9th Cir. 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). "As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001) (*quoting Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). However, Rule 12 provides:

---

[1] Plaintiff alleges that his mail was withheld on or about May 15, 2002, May 20, 2002, and December 19, 2002.

[2] Plaintiff alleges that his mail was withheld on or about March 23 2003, April 21, 2003, April 24, 2003 (two pieces), and April 25, 2003.

[3] Plaintiff alleges that his mail was withheld on or about November 19, 2004.

2

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b)(6). Notwithstanding this rule, "a motion to dismiss is not automatically converted into a motion for summary judgment whenever matters outside the pleadings happen to be filed with the court." *North Star Intern. v. Arizona Corp. Com'n*, 720 F.2d 578, 582 (9th Cir. 1983). A motion filed with extraneous materials is to be treated as a motion for summary judgment only if the court relies on the material. *Swedberg v. Marotzke*, 339 F.3d 1139, 1143-44 (9th Cir. 2003). Conversion to summary judgment is at the discretion of the court and the court must take some affirmative action before conversion is effected. *Id.* at 1144.

### 2. Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In deciding whether to grant summary judgment, the court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). In inmate cases, the courts must

> [d]istinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, __ U.S. __, 126 S.Ct. 2572, 2576 (2006). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact.

3

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

### B. Analysis

Defendants submit evidence with their motion to dismiss. Since the court relies on this evidence in making its determination, the court converts defendants' motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(b)(6).[4]

#### 1. Statute of Limitations

Defendants first argue that the statute of limitations applies to bar plaintiff's claims because plaintiff knew of any possible claims when he filed an informal grievance on December 14, 2004 and completed the grievance process on February 17, 2005 (#6). Since plaintiff did not file his complaint until April 11, 2007, plaintiff's claims are time barred. *Id.*

Section 1983 does not contain a statute of limitations; therefore, federal courts apply the forum state's statute of limitations for personal injury claims. *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000) *(citing Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). In Nevada, the statute of limitations for § 1983 actions is two years. N.R.S. 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989), *cert. denied*, 493 U.S. 860 (1989). "A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff prove that the statute was tolled." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (citation omitted). "In fact, a complaint cannot be dismissed unless it appears beyond doubt that the

---

[4] Plaintiff had notice that defendants' motion to dismiss could be treated as a motion for summary judgment, as the court issued a *Klingele* order on September 5, 2007 (#7).

4

plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* at 1207 (citation omitted).

Plaintiff filed his complaint on April 11, 2007 (#4). Thus, the two-year statute of limitations period includes incidents occurring during the time period between April 11, 2005 and April 11, 2007. Plaintiff alleges that his mail was intercepted on the following dates: May 15, 2002, May 20, 2002, December 19, 2002, March 27, 2003, April 21, 2003, April 24, 2003, April 25, 2003, and November 19, 2004. Plaintiff completed the grievance process for the November 19, 2004 incident on April 1, 2005 (#6, Exhibit A). Even allowing for plaintiff's time to grieve the last alleged incident on November 19, 2004, none of these dates fall within the statute of limitations.

### 2. Equitable Tolling

Plaintiff claims that the doctrine of equitable estoppel applies save his claims from dismissal on statute of limitations grounds (#6). Defendants argue that plaintiff knew of the alleged violations in 2004 when he first filed a grievance (#6).

A federal court will apply the forum state's law regarding tolling if it is not inconsistent with federal law. *Johnson*, 207 F.3d at 653. Nevada courts recognize the principle of equitable tolling. *Seino v. Employers Ins. Co. of Nevada*, 121 Nev. 146 (2005); *Copeland v. Desert Inn Hotel*, 99 Nev. 823, 826 (1984). "In situations '[w]here the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate.'" *Seino*, 121 Nev. at 146 (citation omitted). In *Copeland*, the court articulated the following factors to be considered in determining whether the equitable tolling doctrine should be applied:

> [t]he diligence of the claimant, the claimant's knowledge of the relevant facts; the claimant's reliance on the authoritative statements by the administrative agency that misled the claimant about the nature of the claimants' rights; any deception or false assurances on the part of the employer against whom the claim is made; the prejudice to the employer that would actually result from the delay during the time that the limitations period tolled, and any other equitable considerations appropriate in the particular case.

*Copeland*, 99 Nev. at 826.

Plaintiff claims that he only became aware of the violations in March 2006 when he obtained "all nine (9) pieces of U.S. Mail that were seized," and that he did not file his case prior to 2007 because had he filed without this "proof," his case would have been dismissed and counted as a strike against him (#8). Plaintiff does not provide this court with copies of his evidence, claiming that "due to Nevada Department of Corrections, Plaintiff is unable to make photo copies of legal matters without an order from the court" (#8, Plaintiff's Affidavit, ¶1). Plaintiff alleges that he is in the process of requesting such orders from the court; however, the court notes that there is no such request pending in the current case.

Regardless of the copying issue, plaintiff makes no argument concerning why the court should apply the equitable tolling doctrine. There is no evidence, and plaintiff does not contend, that he was "diligent" in pursuing his claims. Since 2004, plaintiff filed only one grievance alleging that defendants intercepted his mail (#6, Exhibit B, p. 56, GR-2006-19-12480). That grievance was not completed to the second level of review. Clearly, plaintiff knew in 2004 about past alleged mail interceptions since his December 14, 2004 grievance referenced more than one incident. *Id.*, Exhibit A. According to the evidence before this court, defendants have not made plaintiff any assurances, false or otherwise, which would have prevented him from filing a lawsuit as to the 2002 – 2004 claims during the statute of limitations period. To allow a four to six year-old claim proceed against defendants would be prejudicial to defendants' rights.[5]

---

[5] Although plaintiff does not address the issue, defendants contend that the continuing violations doctrine does not apply. Pursuant to the "continuing violation" doctrine, events which occur outside the limitations period maybe considered as a basis for the claim so long as those events are part of an ongoing violation. *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1107 (9th Cir. 1998). Previously, plaintiffs could argue a continuing violation under two theories: (1) a "systemic" violation, in which a plaintiff demonstrated "the maintenance of a discriminatory system both before and during" the period in question; and (2) a "serial" violation, in which a plaintiff demonstrated "a series of related acts, one or more of which falls within the limitations period." *Gutowsky v. County of Placer*, 108 F.3d 256, 260 (9th Cir. 1997). However, the Supreme Court recently "invalidated the 'related acts' method of establishing a continuing violation, stating that 'discrete discriminatory acts are not actionable if time-barred, even when they are related to acts alleged in timely filed charges.'" *See Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2003) (*quoting Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). The Ninth Circuit has applied *Morgan* to bar section 1983 claims that are "predicated on discrete time-barred

6

Moreover, defendants point out that many of the pieces of mail which plaintiff alleges have been intercepted are responses from large federal agencies, such as the Social Security Administration and the Veterans Administration. Defendants note that it is entirely possible that these agencies either never received plaintiff's original requests or the agencies simply ignored them. The court concurs with this assessment.

The court concludes that plaintiff's claims are time-barred, and that neither the doctrine of equitable tolling nor the continuing violations doctrine applies.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that the statute of limitations applies to bar plaintiff's claims, and that neither the doctrine of equitable tolling nor the continuing violations doctrine applies. As such, the court recommends that defendants' motion to dismiss (#6) be **GRANTED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)© and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///

///

///

---

acts." *Id.* at 829 (*citing RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1061 (9th Cir. 2002). Plaintiff alleges only a "related acts" claim, rather than a "systemic" violation; therefore, the continuing violations doctrine does not apply.

7

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#6) be **GRANTED..**

**DATED:** November 27, 2007.

_____
UNITED STATES MAGISTRATE JUDGE